UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA TRACY,

    Plaintiff,

v().                                      Case No.:  2:23-cv-415-JES-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiff Lisa Tracy sues to challenge the Commissioner of Social Security's decision denying her application for disability benefits. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision should be reversed and remanded for further administrative proceedings.

## I. Background

Tracy filed for disability benefits in 2020, claiming she could no longer work because of "Anxiety, Asthma, Chronic Bronchitis, Chronic Sinusitis, Hiatal Hernia, Migraines, Vertigo, Meniscus Right Knee, Upper Respiratory Infections, and Need Right Knee Replacement." (Tr. 401.)[2] Her application was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." followed by a pin-cite where applicable.

denied initially and again on reconsideration. (*Id.* at 407-12.) She then requested further review before an administrative law judge ("ALJ").

Following a hearing, the ALJ found that Tracy had several severe impairments, including migraine headaches, obesity, posttraumatic stress disorder, and borderline intellectual functioning. (Tr. 22.) Still, according to the ALJ, she had the residual functional capacity ("RFC") to perform "light work, as defined in the regulations." (*Id.* at 27.) To account for Tracy's physical and mental limitations, the ALJ included these added conditions:

> [she] can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, stoop, balance, kneel, crouch, and crawl. The claimant can tolerate occasional exposure to temperature extremes, humidity, vibration, and hazards such as exposed heights, moving mechanical parts, and toxic, caustic chemicals. The claimant can tolerate occasional exposure to atmospheric conditions such as noxious odors, fumes, dusts, mists, gases, and poor ventilation that affect the respiratory system, eyes, or the skin. The claimant can understand, remember, and carry out detailed but not complex instructions for simple, routine, repetitive tasks. The claimant can make simple, work-related decisions, in a routine environment with no more than occasional changes in the work duties. The claimant should have no interaction with the public as part of the job duties and can tolerate no more than frequent and superficial interaction with co-workers.

(*Id.*)

After considering the RFC and other evidence, including the testimony of a vocational expert, the ALJ determined that Tracy could perform several jobs available in the national economy. Because Tracy could work, the ALJ

found her not disabled as that term is used in this context. The Commissioner denied further administrative review, and this lawsuit followed. (*See* Doc. 1.)

## II. Standard of Review

"It is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021). Therefore, "[r]eview of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied." *Holland v. Comm'r of Soc. Sec.*, No. 2:21-CV-858-KCD, 2023 WL 2300593, at *2 (M.D. Fla. Mar. 1, 2023). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). As the Supreme Court has explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When deciding whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh the evidence or substitute

its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Id*.

### III. Discussion

Tracy advances five arguments on appeal. First, the ALJ erred by accepting two consultative exam reports from Midwest CES. (Doc. 10 at 7-15.) Second, the ALJ erred by accepting Dr. Donald Nelson's medical opinions. (*Id.* at 16-17.) Third, the RFC cannot be based on substantial evidence since it was built (at least in part) on flawed reports from Midwest CES. (*Id.* at 17-19.) Fourth, the RFC lacks a function-by-function analysis of her ability to perform exertional demands. (*Id.* at 19-21.) And finally, the ALJ did not provide a sufficient basis for rejecting her subjective complaint. (*Id.* at 21-24.) Tracy's first argument is a winner, so the Court proceeds directly there.

Tracy underwent two consultative exams during the administrative process for her claim. The first was with Dr. Rob Downing. (Doc. 10 at 8.) He prepared a report that said, among other things, Tracy "could dress and undress adequately well." (Tr. 1001.) He also listed Tracy at "130 pounds." (*Id.*

4

at 999.) The second exam was with Dr. Lauren Neuman. (Doc. 10 at 8.) She allegedly observed Tracy "grasp and turn a doorknob, pick up and grasp a pen and write a sentence." (Tr. 2432.)

Tracy disputed both examination reports before the ALJ. (Tr. 52.) She claimed the findings above were "entirely fictional." (*Id.* at 664.) For instance, Midwest CES "does not even have doorknobs." (*Id.*) Rather than conduct an individualized assessment, according to Tracy, Dr. Neuman and Dr. Downing "simply selected prefabricated answers." (*Id.*) Tracy also proffered volumes of reports where the same boilerplate language was used for other claimants.

At the hearing, the ALJ declined to tackle any "systematic issue" with Midwest CES. (Tr. 53.) But Tracy was assured that her "specific exam[s]" would be addressed. (*Id.*) This is how the ALJ ultimately resolved Tracy's objection:

> [T]he claimant's representative requested the claimant's prior claim be reopened. He [sic] contended that the consultative examination the claimant had undergone at Midwest CES was fraudulent. He [sic] contended the examiners used canned language and that it is impossible to know what parts of the reports consist of pre-generated findings. (B26E) The reopening standards have not been met, and the undersigned finds the prior initial determination is final.

(Tr. 19.)

Tracy maintains the ALJ "did not cure the taint of the Midwest CES reports." (Doc. 10 at 7.) The Court agrees. An administrative law judge must

5

develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). And when there is a conflict, inconsistency, or ambiguity in the record, "the ALJ has a duty to resolve [the] conflict[.]" *Fonseca v. O'Malley*, No. 8:22-CV-2200-SPF, 2024 WL 982107, at *5 (M.D. Fla. Mar. 7, 2024).

Here, Tracy offered evidence that the Midwest CES reports contained canned language and the doctors recorded events that simply did not happen. Yet rather than address these discrepancies (as promised), the ALJ ignored them. There is no discussion from the ALJ as to how she resolved this contradictory evidence. Tracy's allegations must be considered and resolved. *See, e.g.*, *Wallace v. Barnhart*, 256 F. Supp. 2d 1360, 1377 (S.D. Fla. 2003) (remanding "to erase the ambiguity contained in the [vocational expert's] testimony").

The Commissioner argues that reversal is unnecessary because the Midwest CES reports "did not affect the ALJ's decision that is based on a record that contains over 2,664 pages of medical records." (Doc. 22 at 10.) In other words, other evidence in the record supports the ALJ's conclusion. But this argument is unpersuasive. The consultative exams were obtained because they were considered necessary to resolve Tracy's claim, so the Court declines to accept the Commissioner's argument that they are superfluous. *See* 20 C.F.R. § 404.1519a. More problematic for the Commissioner is that the ALJ's decision was built using the Midwest CES reports. The ALJ cited both reports when

6

formulating the RFC. (Tr. 32.) And at least one medical opinion (credited by the ALJ as persuasive) used the reports to support his conclusions. (Tr. 34, 375-76.) Given how the Midwest CES reports were used, the Court cannot say the ALJ's error was harmless or did not impact her decision. That makes remand necessary. *See Jennifer P. v. Comm'r, Soc. Sec. Admin.*, No. 1:18-CV-04632-CMS, 2019 WL 13233008, at *5 (N.D. Ga. Oct. 8, 2019) ("An error is not harmless if it is unclear whether the error affected the ALJ's determination.").

There are inconsistencies in the record that the Commissioner, through the ALJ, has the responsibility to resolve. The Commissioner essentially asks the Court to ignore evidence that does not support the decision below. But it is the ALJ's responsibility to resolve inconsistencies, not the Court's. *See, e.g.*, *Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000).

As mentioned, Tracy has raised other challenges to the ALJ's decision. However, because the record could change on remand in response to the issue above, her remaining arguments should be deferred for future consideration if the case returns. For efficiency's sake, the ALJ should consider Tracy's remaining arguments in the first instance on remand. *See, e.g., Salamina v. Colvin*, No. 8:12-CV-1985-T-23TGW, 2013 WL 2352204, at *4 (M.D. Fla. May 29, 2013) (stating that, in view of the remand, it was unnecessary to address the plaintiff's other contentions).

7

## IV. Conclusion

The Commissioner's decision should be reversed under sentence four of 42 U.S.C. § 405(g), and the case remanded for additional proceedings.

**Recommended** in Fort Myers, Florida on April 30, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.